# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DUJUAN THOMAS, | : | |
| Petitioner, | : | Civ. No. 17-2502 (RBK) |
| v. | : | |
| WARDEN, FCI FORT DIX, | : | **OPINION** |
| Respondents. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.     INTRODUCTION

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Previously, this matter was administratively terminated as petitioner had not paid the filing fee nor had he submitted an application to proceed *in forma pauperis*. Thereafter, petitioner paid the filing fee such that the Clerk will be ordered to reopen this case.

Petitioner argues in his habeas petition that his prior convictions do not qualify him as a career offender under the United States Sentencing Guidelines. Thus, he claims that he is entitled to resentencing. For the following reasons, the habeas petition will be summarily dismissed.

## II.     BACKGROUND

Petitioner pled guilty in 2013 to one count of conspiracy to distribute cocaine base and cocaine in the United States District Court for the Eastern District of Virginia. He was sentenced to 235 months imprisonment. Petitioner did not file a direct appeal.

In, 2014, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the Eastern District of Virginia. In October, 2015, the Eastern District of

Virginia denied petitioner's § 2255 motion. Petitioner did not appeal that decision to the United States Court of Appeals for the Fourth Circuit.

In April, 2017, petitioner filed this habeas petition. Citing to *Mathis v. United States*, 136 S. Ct. 2243 (2016); *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) and *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016), petitioner argues that he was improperly given a career offender enhancement under the Sentencing Guidelines as his prior convictions did not qualify him as a career offender. He requests that his sentence be vacated for resentencing.

### III. STANDARD FOR SUA SPONTE SCREENING OF HABEAS PETITION

With respect to screening the instant habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S .Ct. 594, 30 L.Ed.2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

## IV. DISCUSSION

Petitioner seeks to have this Court review the criminal judgment and sentence entered by the Eastern District of Virginia in this § 2241 habeas petition. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle,* 535 F. App'x 87, 88 (3d Cir. 2013) (citing *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Cradle,* 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade

3

procedural requirements." *Id.* at 539 (citing *In re Dorsainvil,* 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil,* the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke,* 307 F.3d at 120 (citing *Dorsainvil,* 119 F.3d at 251).

Petitioner does not allege facts to bring him within the *Dorsainvil* exception. He does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead, his claims center around the purported impropriety of his sentence, not *the crimes* for which he was convicted. *See Scott v. Shartle,* 574 F. App'x 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in *In re Dorsainvil* and cannot proceed under § 2241.") (citation omitted); *McIntosh v. Shartle,* 526 F. App'x 150, 152 (3d Cir. 2013) ("Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in Dorsainvil and may not proceed under § 2241.") (citation omitted); *Johnson v. Scism,* 454 F. App'x 87, 88 (3d Cir. 2012) (same); *United States v. Brown,* 456 F. App'x 79, 81

(3d Cir. 2012) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted); *Selby v. Scism,* 453 F. App'x 266, 268 (3d Cir. 2011) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in In re Dorsainvil does not apply."); *Wyatt v. Warden FCI Fort Dix*, No. 17-1335, 2017 WL 1367239, at *2 (D.N.J. Apr. 10, 2017) (finding court lacks jurisdiction under § 2241 to petitioner who is challenging his sentencing enhancement under *Mathis*); *Arnold v. Hollingsworth*, No. 16-0993, 2016 WL 3647323, at *2 (D.N.J. July 7, 2016) ("[C]hallenges to career offender status may not be made under § 2241.") Therefore, § 2241 is not the proper avenue for petitioner to pursue his claims.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, this Court will not transfer this action to the Fourth Circuit for its consideration as a request to file a second or successive § 2255 motion.[1]

---

[1] Nothing in this opinion should be construed by petitioner as preventing him from filing a request to file a second or successive § 2255 motion in the Fourth Circuit for that Court's consideration in the first instance.

5

## V. CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed due to a lack of jurisdiction. An appropriate order will be entered.

Dated: May 19, 2017

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge